UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 2:15-cv-06033 (CBA) (RER)

───────────────────

DARIN POOLE,

Plaintiff,

VERSUS

NEW YORK POLICE DEPARTMENT, et al.,

Defendants.

───────────────────

**REPORT & RECOMMENDATION**

January 9, 2018

───────────────────

TO THE HONORABLE CAROL B. AMON,
UNITED STATES SENIOR DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff, Darin Poole ("Poole" or "Plaintiff"), filed this action on October 7, 2015, at the United States District Court for the Eastern District of New York in Central Islip alleging unlawful search and false arrest under 42 U.S.C. § 1983. Before the Court is the Defendants' motion to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. For the following reasons, I respectfully recommend that Your Honor dismiss this case based upon the Plaintiff's failure to prosecute his claims and failure to participate in discovery.

**Background**

Plaintiff filed a *pro se* complaint on October 7, 2015, alleging civil rights violations by the New York City Police Department and individual police officers (collectively "Defendants") during the search of a residence at 413 Miller Avenue, Brooklyn, New York on July 24, 2015. Specifically, Plaintiff claims that the search was unlawful and that Defendants arrested him without probable cause following the alleged illegal search. (Dkt. No. 37 ("2d. Amend. Compl.") at 5-8).

1

Plaintiff originally filed this action in Central Islip along with three other complaints alleging civil rights violations by Nassau County officials involving an unrelated incident. While litigating the case in Central Islip, the Plaintiff repeatedly delayed filing an amended complaint and missed a status conference before Magistrate Judge A. Kathleen Tomlinson. (*See* Dkt. Nos. 27, 29, 30). At the recommendation of Judge Tomlinson, District Judge Joseph F. Bianco transferred the case to the Brooklyn courthouse for further proceedings. (Dkt. No. 28; *see also* Dkt. No. 24 ("AKT Order") at 2).

On December 21, 2016, this Court held an initial conference at which Plaintiff appeared by telephone and was directed to contact the Federal Pro Se Assistance Project for help drafting his Second Amended Complaint. (Min. Entry for Dec. 21, 2016). The parties conferred on a case management plan following the December 21, 2016, conference, and Plaintiff agreed to submit his second amended complaint by January 6, 2017. (Dkt. No. 32). In the case management plan, both parties agreed to exchange initial Rule 26(a)(1) disclosures by February 10, 2017, and complete discovery by June 9, 2017. (Dkt. No. 32-1 ("Case Mgmt. Plan")).

On March 2, 2017, Plaintiff failed to appear at a telephone conference. The Court ordered Plaintiff to file his still outstanding second amended complaint by March 31, 2017, and appear at an in-person status conference on April 20, 2017. (Dkt. No. 35). Plaintiff filed his amended complaint on March 30, 2018, (Dkt. No. 37), and the Court cancelled the April 20th conference. (Dkt. Entry for Apr. 18, 2017). On May 31, 2017, Plaintiff requested time to file a third amended complaint because he had been unable to make an appointment at the Federal Pro Se Assistance Project and he wanted "the proper help he needed to do it right." (Dkt. No. 41). However, despite this declaration of future diligence, Plaintiff failed to appear at the next two scheduled conferences: a telephone conference on July 20, 2017, and at an in-person status conference on August 9, 2017. (Min. Entry for July 20, 2017; Min. Entry for Aug. 9, 2017.)

Prior to the August 9th conference, the Plaintiff contacted the Court claiming that a "hand-injury" would prevent his appearance on August 9, 2017. (Dkt. Entry for July 27, 2017). The Court ordered the Plaintiff to produce a signed doctor's note explaining why this injury would prevent him from appearing at the conference. (Dkt. No. 43). On August 3, 2017, the Plaintiff submitted a letter in which he expressed an intention to attend the August 9th conference, along with an incomplete hospital record from July 6, 2017, listing his injury as a finger dislocation. (Dkt. No. 44). However, Plaintiff did not appear at the August 9th conference. (Min. Entry for Aug. 9, 2017).

After missing the August 9th conference, the Court gave Plaintiff one more chance to appear on September 11, 2017. (*See id.*). Plaintiff did appear on September 11, 2017, and was ordered to serve his written discovery demands by October 23, 2017. At the September 11th conference, with Plaintiff present, the Court scheduled a follow-up telephone conference on November 17, 2017 and a final pre-trial conference on January 9, 2018, following the close of discovery on January 5, 2018. (Min. Entry for Sept. 11, 2017). Plaintiff failed to appear for either conference. (Min. Entry for Nov. 12, 2017; Min. Entry for Jan. 9, 2018). In the past year, the plaintiff has missed five conferences.

Defendants filed the present motion on December 22, 2017, after Plaintiff failed to respond to interrogatories or document

2

requests and failed to appear for two scheduled depositions, one on November 30, 2017, and the other on December 21, 2017. (Dkt. No. 54 ("Dfs.' Mot.") at 2-3). Defendants seek either dismissal of the case for failure to prosecute or an order to compel Plaintiff's response to discovery requests along with an extension of the discovery deadlines so that the individual Defendants can answer the second amended complaint and the Defendants' counsel can take the Plaintiff's deposition. (*Id*. at 1).

On December 8, 2017, Plaintiff filed a motion requesting the Court appoint *pro bono* counsel to assist with his case. (Dkt. No. 50). This Court denied Plaintiff's motion on the grounds that he is not likely to succeed on the merits. (*See* Dkt. No. 56); *see also Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir.1989) (per curiam) (stating that motions to appoint counsel should be reviewed for "likely merit" so courts do not appoint pro bono counsel "for a meritless case that no lawyer would take were the plaintiff not indigent").

The Court gave Plaintiff one final chance to be heard and move forward with his case at the in-person conference scheduled for January 9, 2018. (See Min. Entry for Nov. 17, 2017; Dkt. Entry for Jan. 4, 2018). However, Plaintiff failed to appear at the final pre-trial conference on January 9, 2018, making this the sixth conference that Plaintiff has missed since filing this action in 2015. These absences, along with Plaintiff's failure to participate in discovery in any meaningful way, warrants the harsh sanction of dismissal with prejudice.

**Discussion**

Rule 41(b) states: "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED R. CIV. P. 41(b). While within the discretion of district courts, dismissal under Rule 41(b) is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). When the plaintiff is *pro se*, courts are even more hesitant to dismiss for procedural deficiencies. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Nevertheless, when the circumstances are "sufficiently extreme," dismissal may be appropriate. *Id*. In doing so, the court enables the "efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

A motion to dismiss for failure to prosecute is reviewed based on five factors, none of which are dispositive:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Here, all five factors favor dismissal without prejudice.

This case is currently in its third year and discovery has barely begun. Plaintiff's

3

frequent absences have resulted in repeated delays. Plaintiff claims that he wants to "do it right," (Dkt. No. 41), but his failure to appear at conferences means that neither he nor the Court is able to clarify the law regarding his claims. He also does not appear to have contacted the City Bar Association's *Pro Se* Legal Assistance Project, which is located at the courthouse, despite a referral to this program over a year ago and his own stated intention to seek help from this free service. (*See* Min. Entry for Dec. 21, 2016; Dkt. No. 41). We can bring people to the table but we cannot make them eat. Plaintiff cannot receive a remedy for his claims if he refuses to meaningfully participate in this action. Additionally, Plaintiff's more recent failure to respond to Defendants' request for discovery and his failure to appear for depositions has caused further delays in a case that is already moving too slowly.

The Court has given Plaintiff repeated warnings that his failure to appear at conferences will result in a recommendation of dismissal. (*See* Dkt. No. 35) ("Plaintiff is warned [that] failure to file the Second Amended Complaint on time, or appear at the in person conference will result in a report to the district judge that the case should be dismissed for failure to prosecute and failure to follow a court order."); (Min. Entry for July 20, 2017) ("Should Plaintiff fail to attend, this Court will issue a report and recommendation to Judge Amon recommending that the case be dismissed for failure to prosecute and failure to comply with a court order."); (Dkt. No. 43) ("Mr. Poole is further advised that if he fails to attend the conference in person, the previously threatened report will be issued recommending that the case be dismissed for failure to prosecute and failure to follow a court order."); (Min. Entry for Aug. 9, 2017) ("[Plaintiff] will be afforded one final opportunity to participate in this case."); (Min. Entry for Nov. 17, 2017) ("If Plaintiff fails to attend the 1/9/2018 conference, this court is prepared to immediately issue a report and recommendation recommending that his case be dismissed for failure to prosecute and failure to comply with multiple court orders."); (Dkt. No. 56) ("Failure by the Plaintiff to appear at the conference will result in a recommendation to the Honorable Carol B. Amon to dismiss the case for failure to prosecute."). After six separate warnings, Plaintiff can hardly be surprised that his absence would result in a recommendation to dismiss his case.

The third factor also weighs against the Plaintiff. "Prejudice to defendants resulting from unreasonable delay may be presumed . . . ." *Lyell Theatre Corp.*, 682 F.2d at 43 (citation omitted). However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (citation omitted). Two and a half years have passed since the incident that sparked this action, one of the named police officers has retired, and memories of those involved fade with each passing day. Continuing this pattern of delay would certainly prejudice Defendants and would likely make the Plaintiff's case more difficult as well. *See Bhalla v. JP Morgan Chase & Co.*, No. 03-CV-6051 (DRH) (JO), 2005 WL 1027523, at *3 (E.D.N.Y. Apr. 26, 2005) (stating that delayed litigation imposes on defendants "the burden of delaying discovery and assuming the risks associated with fading memories and lost evidence"). However, Plaintiff does not seem concerned about the loss of evidence as he has not participated in any fact discovery and has once again missed an important conference.

4

As for the fourth factor, the Court has given the Plaintiff multiple opportunities to be heard, which he has squandered. Courts in this Circuit have held that "calendar congestion outweigh[s] plaintiff's [right to an] opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio*, No. 11-CV-1506 (CM) (KNF), 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014); *see also Worytko v. Cnty. of Suffolk*, No. 03-CV-4767 (DRH) (ARL), 2009 WL 1228236, at *5 (E.D.N.Y. Apr. 30, 2009) (holding "the court's interest in managing its docket greatly outweighs plaintiff's interest in being heard."). The Plaintiff had his day in court; he repeatedly chose not to appear.

Finally, the fifth factor requires that "the trial court adequately assess[] the efficacy of lesser sanctions." *U.S. ex rel. Drake*, 375 F.3d at 254. Plaintiff's repeated absences from the litigation suggests that a sanction less than dismissal would be ineffective. *See Lawal v. U.S.*, 90 F. Appx. 568, 570 (S.D.N.Y. 2004) (holding sanction short of dismissal not required to be offered when litigation could not proceed without plaintiff's participation). Plaintiff has been granted *in forma pauperis* status, (*See* Dkt. No. 10), so monetary sanctions would not appropriate. Furthermore, given that Plaintiff was not induced to attend the last conference despite an explicit warning that failure to appear would result in dismissal, it is unlikely that any lesser sanctions would be persuasive.

Although the Plaintiff has at times expressed through words a sincere intent to faithfully prosecute this litigation, his actions have reflected a more ambivalent attitude. His most recent failures are reflective of a larger pattern of neglect, which has resulted in repeated delays and has wasted both time and resources. The Plaintiff has had numerous warnings about the consequences of these delays, and his failure to appear at the final pre-trial conference must be the final straw. Therefore, I must recommend dismissal.

### **Conclusion**

For the foregoing reasons, I respectfully recommend that the Defendants' motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b) be granted and the case dismissed with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Carol B. Amon within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Defendants' counsel is directed to serve a copy of this Report and Recommendation upon Plaintiff at his last known address and to file proof of such service by January 12, 2018.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: January 9, 2018
       Brooklyn, New York