UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARIN POOLE,

                    Plaintiff,              NOT FOR PUBLICATION
    -against-                                 **MEMORANDUM & ORDER**
                                                             15-CV-6033 (CBA) (RER)

THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------------------------------x
**AMON, United States District Judge:**

In the complaint filed in this action, Plaintiff Darin Poole alleges that New York City Police Officers violated his civil rights by conducting an illegal search and arresting him without probable cause. (D.E. # 37 ("Second Amended Complaint" or "SAC") at 5–8.) On December 22, 2017, defendants moved to dismiss on the grounds that Poole had failed to prosecute his case, or in the alternative, order Poole to respond to interrogatories, extend the answer date, and extend discovery so they could depose Poole. (D.E. # 54.) On January 9, 2018, Magistrate Judge Ramon E. Reyes issued a thorough R&R, recommending that defendants' motion for failure to prosecute be granted because Poole had failed to meaningfully participate in discovery and failed to attend at least four conferences with the Court without providing an excuse. (D.E. # 58 ("R&R").)

On March 8, 2018, Poole filed objections to the R&R, contending that on November 4, 2017, police officers had again illegally searched his house, this time causing significant damage to his eyes by spraying him "all over [his] entire body" with a fire extinguisher. (D.E. # 60 ("Pl. Obj.") at 1–2.) He contends that he went to the emergency room, visited eye specialists, and has since learned that the officers' actions are causing him to lose his vision. (Id.) According to Poole, the maladies caused by the police officers' alleged assault of him caused him to miss several conferences scheduled by Magistrate Judge Reyes. (Id.) Defendants do not deny that police

1

officers injured Poole on November 4, 2017; instead, they contend only that Poole's "general excuses that he had medical issues . . . are simply excuses provided after the fact to try and excuse his extensive history of non-compliance with the Court's orders." (D.E. # 61 ("Defs. Mem.") at 5.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of Poole's objections and the revelation that he was unable to attend court conferences because police officers' supposedly violated his rights and injured him, the Court reviews the R&R de novo.

The Second Circuit has cautioned that "dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks omitted). The Second Circuit has instructed that a key determination in the failure to prosecute context is "whether the failures to prosecute were those of the plaintiff." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001); see also Estate of Jaquez v. City of New York, 541 F. App'x 76, 78 (2d Cir. 2013) ("[W]e note that very little time can be attributed to Ms. Martinez, the person whose failure to amend the complaint by April 12 prompted dismissal."). Additionally, the Second Circuit has found that dismissal for failure to prosecute is unwarranted when a pro se civil rights litigant makes specific factual allegations that agents of the

2

defendant took steps to interfere with his ability to prosecute his case, particularly where the plaintiff's allegations are uncontroverted. See Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995) ("As to Colon's sworn explanation, even if, as the guards allege, they told him at 3 a.m. on April 5 that he was to go to court that day, Colon's version cannot be dismissed out of hand as "implausible" in light of his averment that he had not received prior notice of a court date, the guards communicated in English, which Colon did not understand, and the conversation occurred in the middle of the night."). More generally, caution is needed when the plaintiff alleges that a disability has rendered him unable to prosecute the case as swiftly as he otherwise would. See Hevner v. Vill. E. Towers, Inc., 293 F. App'x 56, 58 (2d Cir. 2008) (reversing dismissal for failure to prosecute where "[i]t is ... undisputed that plaintiff's disability, which was known to defendants before discovery began, impairs her performance in many tasks that others find routine. In these circumstances, we cannot conclude that plaintiff was simply idle during these seven months.").

Here, although the R&R was likely correct at the time it was issued, now that Poole has averred that police officers basically blinded him on November 4, 2017, and that injuries caused him to miss deadlines and court appearances, the Court finds dismissal is unwarranted. See Colon, 56 F.3d at 7. Importantly, although defendants fault Poole for failing to apprise the Court of his injuries, they do not deny that he had the described interactions with the police. Accordingly, the Court does not adopt the R&R, since Poole claims that agents of the defendants caused the delay in his prosecution of his case. However, now that Poole has demonstrated that he is capable of resuming the litigation, he is directed to respond to defendants' discovery demands within 45 days of this Order. Should Poole want to file a third amended complaint to include the November 4, 2017 incident, he must do so within 30 days of this Order. The date for defendants to answer the

amended complaint is adjourned until 20 days after Poole's third amended complaint is due. The Court warns Poole that further undisclosed delays will not be tolerated.

## CONCLUSION

For the reasons stated above, the Court does not adopt R&R. Poole has 45 days to respond to defendants' discovery demands and the discovery period is extended until November 30, 2018. Should Poole want to file a third amended complaint to include the November 4, 2017 incident, he must do so within 30 days of this Order. The date for defendants to answer the amended complaint is adjourned until 20 days after Poole's third amended complaint is due.

SO ORDERED.

Dated: August 17, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

4