UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARIN POOLE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                              Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6033 (CBA) (RER)

**AMON, United States District Judge:**

## BACKGROUND

In the complaint filed in this action, Plaintiff Darin Poole, proceeding pro se, alleges that New York City Police Officers violated his civil rights by conducting an illegal search and arresting him without probable cause. (D.E. # 37 at 5–8.) On December 22, 2017, defendants moved to dismiss on the grounds that Poole had failed to prosecute his case, based in part on the fact that Poole had failed to meaningfully participate in discovery, and failed to attend at least four conferences with the Court without providing an excuse. (D.E. # 54.) Although Magistrate Judge Ramon E. Reyes, in a thorough R&R, recommended that defendants' motion be granted, the Court declined to adopt the R&R and denied defendants' motion to dismiss, giving Poole what turns out to have been an undeserved opportunity to proceed with his case. (D.E. # 62.) At that time, the Court directed Poole to respond to defendants' discovery demands within 45 days and granted Poole an additional 30 days to file a third amended complaint. (Id.) Poole failed to comply with this order.

On November 7, 2018, the defendants renewed their motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on Poole's failure to prosecute this action. (D.E. # 70.) On December 20, 2018, Magistrate Judge Reyes issued an R&R that recommended once again that

1

the Court grant defendants' motion and dismiss this action. (D.E. # 77 ("R&R").) Magistrate Judge Reyes stated that since this Court's last order, Poole has failed to appear for two additional court appearances and has yet to to respond to defendants' discovery requests. (R&R at 4–5.) He also reported that Poole "has offered no explanation for why he missed [the two scheduled conferences] or why he has failed to answer Defendant's discovery requests. Instead, he offers vague excuses and pleads for second, third, and fourth chances." (Id. at 5.)

Poole objected to Magistrate Judge Reyes' R&R but failed to provide any legitimate reason as to why he has failed to meaningfully engage in the litigation of this case. (D.E. # 81.)

## DISCUSSION

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of Poole's objection, the Court reviews the R&R de novo.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." The Second Circuit has cautioned that "dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks and citations omitted). The Second Circuit has further

cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." Leon v. Rockland Psychiatric Center, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1 (S.D.N.Y. Nov. 28, 2017).

In analyzing whether a dismissal is the appropriate sanction, a court should consider the following factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. LeSane, 239 F.3d at 209. No single factor is dispositive. Id.

Magistrate Judge Reyes has correctly applied these factors to the facts of this case. Consistent with his analysis, each factor weighs in favor of dismissing this case. Poole failed to comply with this Court's August 2018 order directing him to respond to defendants' discovery requests and he has missed seven conferences before Judge Reyes in a two-year period, despite being been warned multiple times that his failure to appear would result in a recommendation of dismissal of this action. Moreover, although the Court had previously declined to dismiss this case due to Poole's alleged medical issues, Poole has demonstrated that he is not too debilitated to pursue litigation—he filed a new lawsuit in this district on December 13, 2018. (See 18-CV-7181 (MKB), D.E. # 1.) Poole has been given multiple opportunities to come to court to learn what is required of him to prosecute this action. He has failed to do so.

## CONCLUSION

Accordingly, the Court adopts Magistrate Judge Reyes' R&R and grants defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case and mail a copy of this order to Poole's registered address: 48 West Clinton Avenue, Roosevelt, NY 11575.

SO ORDERED.

Dated: March 19, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge